IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:21-cv-00075-MR

| | |
|---|---|
| **RUSSELL EDWARD MURRAY,**<br><br>Petitioner,<br><br>vs.<br><br>**LESLIE COOLEY DISMUKES**[1],<br>Secretary, North Carolina<br>Department of Adult Correction,<br><br>Respondent. | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus [Doc. 1] filed March 19, 2021, pursuant to 28 U.S.C. § 2254, Respondent's Motion for Summary Judgment [Doc. 14], and Respondent's Motion to Seal certain documents. [Doc. 17].

I.     **PROCEDURAL BACKGROUND**

Russell Edward Murray (the "Petitioner") is a prisoner of the State of North Carolina. On February 28, 2013, he was convicted in Clay County

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. In North Carolina, the Secretary of the Department of Adult Correction is the custodian of all state inmates. N.C. Gen. Stat. § 148-4 (2023). Accordingly, Leslie Cooley Dismukes, the current Secretary of the North Carolina Department of Adult Correction, is now the proper respondent.

Superior Court on one count of first-degree sex offense with a child, and one count of indecent liberties with a child. [Doc. 1 at 1]. The Petitioner was sentenced to a consolidated term of imprisonment of 260 to 321 months. [Doc. 15-16 at 116].

The Petitioner filed a direct appeal asserting that the state court committed error during Petitioner's trial when it allowed the State to question him about: (1) a hidden camera in his home and a video tape of a "young man" masturbating; and (2) marijuana found in his home. [Doc. 15-5 at 3]. Finding no error, the appellate court affirmed the Petitioner's convictions and sentence. State v. Murray, No. COA13-1207 (N.C. App. Aug. 19, 2014) (unpublished); [Doc. 15-3].

The Petitioner sought discretionary review from the North Carolina Supreme Court, but that court denied his petition. State v. Murray, 368 N.C. 254, 771 S.E. 2d 307 (Apr. 9, 2015); [Doc. 15-10].

On July 5, 2016, the Petitioner filed a post-conviction Motion for Appropriate Relief ("MAR") in the Superior Court of Clay County. [Doc. 5 at 4-5]. On November 19, 2020, the Petitioner amended his MAR raising nine claims. [Doc. 5 at 7-40]. Without a hearing, the state court summarily denied Petitioner's MAR in an order filed on December 31, 2020. [Id. at 42].

The Petitioner sought certiorari review in the North Carolina Court of Appeals following the MAR denial. The North Carolina Court of Appeals denied the certiorari petition by order issued March 9, 2021. [Doc. 5 at 44].

The Petitioner filed his 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus in this Court on March 19, 2021. [Doc. 1] The Court directed the Respondent to answer or otherwise respond to the petition by order dated April 3, 2023. [Doc. 9]. The Respondent filed an Answer [Doc. 13] and a Motion for Summary Judgment on August 1, 2023. [Doc. 14]. The Petitioner filed a Reply to the Respondent's Answer on August 9, 2023. [Doc. 19]. Out of an abundance of caution, the Court entered an order on August 20, 2023, notifying Petitioner of Respondent's Motion for Summary Judgment and advising him that his failure to respond to Respondent's motion may result in the Court granting the same and dismissing the petition. [Doc. 20]. Petitioner filed an Additional Response to Respondent's summary judgment motion on May 9, 2024. [Doc. 21]. Respondent's summary judgment motion is now ripe for review.

## II. DISCUSSION

In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits

3

that the petitioner is entitled to no relief. Rule 4, 28 U.S.C.A. foll. § 2254. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner's ability to attack his state court criminal judgment is subject to a one-year statute of limitations. The AEDPA, as amended in 1996, provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review; . . . .

28 U.S.C. § 2244(d)(1)(A). Respondent argues that Petitioner filed this action beyond the limitations period and the same, therefore, should be dismissed. [Doc. 15 at 7-10].

North Carolina's direct review process begins with an appeal from the trial court to the North Carolina Court of Appeals. Petitioner pursued a direct appeal to the Court of Appeals which affirmed his convictions and sentence on August 19, 2014. [Doc. 15-4 at 2]. Petitioner sought further review of his case in the North Carolina Supreme Court. That court denied review on April 9, 2015. [Doc. 15-11 at 2]. Petitioner did not seek further review in the U.S. Supreme Court. Petitioner's judgment thus became final on July 8, 2015, ninety days following the issuance of the North Carolina Supreme Court's

decision to deny review. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (if no petition for a writ of certiorari is filed in the United States Supreme Court on direct review, one-year limitation period for filing habeas corpus petition begins running when the time for doing so—90 days—has elapsed). The one-year limitations period, therefore, began running on July 8, 2015.

Section 2244(d)(2) of the AEDPA specifies the circumstances under which the statute of limitations period may be tolled:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). With this statutory tolling provision in mind, the Petitioner's limitations period ran for 363 days from July 8, 2015, until July 5, 2016, the date Petitioner commenced state post-conviction relief efforts by filing his MAR in the trial court. [Doc. 5 at 4]. The trial court denied Petitioner's MAR on December 31, 2020 [Doc. 5 at 32], and Petitioner thereafter sought certiorari review in the North Carolina Court of Appeals on March 2, 2021. [Doc. 5 at 44]. The appellate court denied review on March 9, 2021 [Id.], ending Petitioner's collateral review proceedings. Accordingly, Petitioner's MAR was no longer "pending" pursuant to 28 U.S.C. § 2244(d)(2) as of March 9, 2021, and he was not entitled to statutory tolling beyond that date. Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (en banc). The limitations period

thus began to run again March 9, 2021, and expired two days later on March 11, 2021.

At the earliest, Petitioner filed this § 2254 action on March 16, 2021, when he certified in his petition that said document "was placed in the prison mailing system" on that date. Nevertheless, a March 16, 2021, filing date for the petition was five days beyond the expiration of the limitations period and the petition is therefore untimely.

While the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable tolling, Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.2003), Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.2000), equitable tolling is appropriate when, but only when, "extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Harris, 209 F.3d at 330. In his Reply to Respondent's Answer, Petitioner argues that the circumstances surrounding his receipt of the North Carolina Court of Appeals' decision denying review of his MAR prevented him from filing his petition any sooner than he did. [Doc. 19 at 1]. "[A] copy of the envelope from the N.C.C.O.A. containing the denial of my 'Writ of Certiorari' is clearly date stamped delivered 15 March 2021. It was impossible for me to file my [§ 2254 petition] before I was notified of the denial." [Id.]. According to Petitioner, March 15, 2021, "was the date tolling

6

ended," since he "could [not] have known the 'writ' was denied" before that date. [Id. at 2]. Petitioner's argument, however, suffers from a fatal flaw.

The Supreme Court has indicated that a habeas petitioner concerned about the possible effects his state post-conviction filings might have on the federal habeas statute of limitations may file a timely "protective" petition in federal court, and request that it be held in abeyance pending the exhaustion of state remedies. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). See, also, Rhines v. Weber, 544 U.S. 269, 275 (2005) (federal district courts retain their discretion to stay federal habeas proceedings and are justified in doing so when a petitioner "run[s] the risk of forever losing [his] opportunity for any federal review of [his] unexhausted claims.").

Petitioner knew, if the North Carolina Court of Appeals denied his certiorari petition, that he had mere days – two to be exact – within which to timely file his § 2254 petition in this Court. Well before the expiration of the AEDPA limitations period, Petitioner could have filed a protective § 2254 petition together with a motion requesting the Court hold such petition in abeyance pending the conclusion of his MAR proceedings in state court. Nothing in any of the filings made by Petitioner suggests, and Petitioner has made no statements asserting, that any circumstances prevented him from filing such a protective petition in this Court. The pending § 2254 petition is

7

untimely, and this Court is without jurisdiction to review the same.

## III. CONCLUSION

For the reasons stated herein, the Petitioner is entitled to no relief. The § 2254 petition shall be dismissed as having been filed outside of the applicable limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A). Further, Respondent has requested the Court seal certain documents as set forth in her motion [Doc. 17] to protect from public disclosure the identity of the minor victim of Petitioner's sex offenses. The Court will grant Respondent's request.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment [Doc. 14] is **GRANTED** and the Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1)(A).

2. Respondent's Motion to Seal [Doc. 17] is **GRANTED**, and the Clerk of Court is respectfully directed to seal the five documents set forth in said motion.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

4. The Clerk of Court is respectfully directed to substitute Leslie Cooley Dismukes, Secretary of the North Carolina Department of Adult Correction, as the Respondent in this action.

**IT IS SO ORDERED.**

Signed: July 29, 2025

Martin Reidinger
Chief United States District Judge